IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

ALVARO DOMINGUEZ, JAVIER R.
LOZOYA MENCHACA, JORGE ALBERTO
SAINZ NAVARRETE A.K.A. "HORACIO
SAINZ NAVARRETE" and JUAN CARLOS
RUIZ-GARCIA,

        Defendants.

8:16CR248

MEMORANDUM
ON HEARING OF RULE 17.1
CONFERENCE

This matter came before the Court on January 24, 2017, for a hearing on the Government's motion (Filing No. 286) for a pretrial conference pursuant to Federal Rule of Criminal Procedure 17.1.   The Government was represented by John E. Higgins and Matt E. Lierman, Assistant United States Attorneys.   Alvaro Dominguez was represented by James M. Davis.   Jorge Alberto Sainz Navarrete a.k.a. "Horacio Sainz Navarrete" was represented by Chad D. Primmer.   Juan Carlos Ruiz-Garcia was represented by Joshua W. Weir.   James R. Kozel, counsel for Javier R. Lozoya Menchaca, was excused as a plea hearing had been requested and scheduled.

The parties discussed the evidentiary issues described below pertaining to trial. As to each, the parties reached the agreement described below or otherwise reserved the issue for decision at trial.

1. <u>GPS Vehicle Tracker</u>.   Mr. Primmer objected on foundation and hearsay grounds.   Mr. Weir joined this objection.   Mr. Davis had no objection.

2. <u>Cell Phone Location Information ("Ping" Warrant)</u>.   Mr. Primmer objected on foundation and hearsay grounds.   Mr. Weir joined this objection.   Mr. Davis had no objection.

3. <u>Search Warrants & Seized Evidence, to include</u>: (1) evidence seized during traffic stops and (2) searches of residences. No counsel objected to foundation or to offering the seized items thru a single agent with respect to each event.

4. <u>Juan Carlos Ruiz-Garcia Business Records</u>. No counsel objected on foundation or to offering the seized items thru a single agent.

5. <u>Cell Phones Seized</u>. No counsel objected on foundation or to offering the seized items thru a single agent.

6. <u>Cell Phone Contents</u>. No counsel objected on foundation or to offering the contents of the cell phones thru a single agent. Counsel reserved their right to object to opinion testimony of witnesses regarding the interpretation of content.

7. <u>Cell Phone Exhibit and Summary Chart</u>. This issue was tabled pending discussion between the parties.

8. <u>Call Detail Records for Identified Cell Phones</u>. No counsel objected on foundation or to offering the records thru a single agent.

9. <u>Lab Results for Seized Narcotics</u>. No counsel objected on foundation or to offering reports thru stipulation. Mr. Primmer reserved the right to object on relevance grounds at trial. The parties further agreed that any stipulation would be in written form. The Government is therefore ordered to provide a written stipulation to the parties no later than two weeks from the date this order is filed.

10. <u>Translations of Recorded Conversations</u>. Mr. Primmer and Mr. Weir objected to the Government's produced translations. Mr. Davis did not object.

11. <u>Surveillance Reports by Multiple Officers</u>. Mr. Primmer and Mr. Weir objected on the basis of hearsay. Mr. Davis did not object.

12. <u>Tax Return Certifications</u>. This issue was tabled pending discussion between the parties.

13. <u>Jorge Alberto Sainz Navarrete's True Name</u>. Mr. Primmer had no specific foundational objection to a written stipulation addressing this issue, pending review of the proposal by the Government. Mr. Weir and Mr. Davis had no objection. Government is to provide a written stipulation to counsel no later than two weeks from the date this order is filed.

14. <u>Well Fargo Bank Records of "Karla Diaz Ramos"</u>. No counsel objected on foundation or to stipulating to their authenticity as business records provided the complete records are available to the jury.

15. Summary Spreadsheet Pursuant to Rule 1006.    This issue was tabled pending discussion between the parties.

16. All-American Cars "financial institution" Stipulation.    The parties agreed to a written stipulation.    The Government is to provide a written stipulation to counsel no later than two weeks from the date this order is filed.

17. All-American Cars Form 8300 Stipulation.    The parties agreed to a written stipulation. The Government is to provide a written stipulation to counsel no later than two weeks from the date this order is filed.

18. Corvette Title and Registration from Arizona DMV.    The parties had no foundational objections to these records provided the Government could show they were in fact "government documents".

19. Bancroft Residence Ownership Records.    This issue was tabled pending discussion between the parties.

20. Forfeiture of Taurus to be Decided by the Court.    Mr. Primmer objected to waiving jury consideration of this issue.

21. Money Judgment decided by the Court.    No counsel objected to allowing the court to decide this matter.

The Parties discussed the duration of trial.    Counsel for the Government anticipated 7 trial days for its case in chief.    Mr. Primmer anticipated half of a day and Mr. Weir anticipated 1 day to present their respective cases.    All counsel represented that **9 trial days** total would be sufficient.

The parties also discussed a trial date.    All counsel were available **March 20, 2018**, to begin trial and have requested it be set during that time.    Upon consultation with chambers of Chief Judge Laurie Smith Camp, the requested trial date is not available and a different date will be necessary.

IT IS ORDERED:

1. The above statements constitute the agreed upon matters during the Rule 17.1 conference;

2.  Counsel for the government and the Defendants have been given an opportunity to review this Memorandum on Hearing of Rule 17.1 Conference and have not made any objections; and

3.  The trial in the above captioned matter before Chief District Judge Laurie Smith Camp will be scheduled by separate order.

Dated this 9th day of February, 2018.

BY THE COURT:

s/ MICHAEL D. NELSON
United States Magistrate Judge

4